Andrew J. Di Paola, J.
In this proceeding pursuant to article 78 of the CPLR, judgment is granted in favor of petitioners to the extent of dirécting that the teachers shall be paid two extra days’ pay in the event they are required to work the two contingency days included in the calendar. Although the facts with respect to the clerical employees (who do not have a 180 days work year) are not clear, the principles set forth herein shall apply to them and appropriate provisions should be incorporated in the judgment.
The employees represented by the petitioners absented themselves from school for four days in the early part of September, 1972. It was determined that they were engaged in a strike; they were fined and placed on probation pursuant to the provisions of section 210 of the Civil Service Law. Because it was necessary to close the schools in the district for the four days when the strike occurred, respondents have determined that two of those days be made up by utilizing two contingency days included in the school calendar. The respondents’ theory is that the .employees are required to work on those days without receiving additional compensation. The respondents’ position is that the employees are not being required to work two additional days, and that in fact they will be working two days less than the 180 days set forth in the teachers ’ contract because of the four-day strike when the schools were required to be closed. It is argued further that the two additional days were placed in the school calendar to guard against the possibility that the *976 schools would be closed because of weather or other contingencies and that a strike was one of the contingencies which has occurred, so that the additional days are properly utilized. ■
This court is in agreement with petitioners that it would constitute a penalty, in addition to that permitted by and already imposed under the Taylor Law to require the employees of Central School District No. 4, Plainview, to work two days without compensation. It is clear that, while the employees were absent for four days in September, they were not relieved of their responsibilities for those days. They paid the price required by the law for their absences and need not make them up by working additional days for no compensation.